**Melvin MAAS, Individually and as President of Local Union No. 150A, United Food and Commercial Workers International Union, AFL–CIO; Merlin Bud Schultz, Individually and as Financial Secretary-Treasurer of Local Union No. 150A, United Food and Commercial Workers International Union, AFL–CIO; Paul Casel, Individually and as a Member of the Executive Board of Local Union No. 150A, United Food and Commercial Workers International Union, AFL–CIO, and as a Member of the Board of Administration of the Dubuque Packing Company Pension Plan; Laverne Werfinger, Individually and as a Member of the Board of Administration of the Dubuque Packing Company Pension Plan, et al., Appellees,**

v.

**DUBUQUE PACKING COMPANY, an Iowa Corporation, Appellant.**

No. 84–1388.

United States Court of Appeals, Eighth Circuit.

March 13, 1985.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

### ORDER

The petition by Dubuque Packing Company for rehearing is denied. The petition for rehearing seeks clarification of the original opinion, 754 F.2d 287; this later motion is granted in part.

■ We find it clear that section 9.4(c) of the Plan gives the Board of Administration power to interpret the provisions of the Plan and reflects the agreement of the parties to submit disputes to the Board. In this case there are two disputes, the first relating to termination, the second relating to the Company's contributions. We held that the Board has jurisdiction to determine the effectiveness of the termination notice. *See* 754 F.2d at 290. Under section 9.4(c) the Board may consider the effect of the extension of the collective bargaining agreement to October 1983 on section 8.2. The Board may also consider whether the Union is correct in its argument that sections 3.1 and 9.4(b) imply that the Plan may not be terminated until all benefits are fully funded. These are questions of contract interpretation clearly delegated to the Board by section 9.4(c). *See id.*

■ On the second issue, we held that the question of whether the Board had jurisdiction to examine the Company's contributions was a question of contract interpretation. *See id.* at 291. Section 9.4(c) gives the Board authority to interpret sections 9.4(b) and 3.1 to determine whether these sections give the Board jurisdiction as to this dispute, i.e., whether the Board can review the actuarial methods or may only act when the Company is in default of the amounts defined as due by the actuary. *Id.* The contract is susceptible of either interpretation and the Board must determine which is correct. If the Board determines the Company's interpretation of section 9.4(b) is correct, it would not have jurisdiction to consider the Union's argument that the change in actuarial methods constitutes a default under the Plan.

Finally, we note that our affirmance of the district court should not be interpreted as an order for arbitration per se. It is our understanding the district court intended the disputes be submitted to the Board pursuant to section 9.4(c). It is up to the Board, under section 9.3, to select its seventh member if there is a deadlock.

Judge FLOYD R. GIBSON joins in this statement to the extent that it does not conflict with his dissent.